IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bakery, Confectionery,            :
Tobacco Workers                   :
and Grain Millers                 :
International Union,              :    Case No. 2:08-cv-110
Local No. 57, AFL-CIO, CLC       :
                                  :    Judge Watson
              Plaintiff,         :
                                  :    Magistrate Judge Kemp
     v.                          :
                                  :
The New Bakery Co. of Ohio,       :
Inc.,                             :
                                  :
              Defendant.          :

OPINION AND ORDER

     This case was initiated by Plaintiff, Bakery, Confectionery,
Tobacco Workers and Grain Millers International Union Local No. 57
(The Union), alleging violations of a collective bargaining
agreement between The Union and The New Bakery Company of Ohio,
Inc., Defendant.  New Bakery filed a motion for a more definite
statement pursuant to Fed. R. Civ. P. 12(e).  For the following
reasons, that motion will be denied.

I.

     On February 6, 2008, The Union filed an action against
Defendant asserting that New Bakery was being uncooperative in
arbitration negotiations in violation of the parties' collective
bargaining agreement.  The complaint alleges that New Bakery, in
four separate cases, has not cooperated in the selection of the
arbitrator, and in three of those cases has not cooperated in the
establishment of a hearing date.  (See Complaint at ¶¶ 6-9).  The
complaint further claims that these actions violate the parties'
collective bargaining agreement, specifically, Article 15, thereby
causing The Union harm.  (Complaint at ¶ 10).

On April 3, 2008, New Bakery filed a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  New Bakery asserts that it is unable to frame a responsive pleading because the Complaint fails to (1) specifically describe the nature or length of the alleged delays, and fails to explain how New Bakery's actions have caused them, and (2) specifically allege which provision of the collective bargaining agreement was breached and how.  The issue is fully briefed and the motion is ripe for adjudication.

II.

Fed. R. Civ. P. 12(e) states, in pertinent part:

> If a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

A motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail...[It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Jakovich v. Hill, Stonestreet & Co., No. 1:05 CV 2126, 2005 WL 3262953, *3 (N.D.Ohio Nov. 30, 2005)(quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D.Wis. 1985)).

Furthermore, the "notice pleading" standards of Fed. R. Civ. P. 8(a)(2) do not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all that the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Such fair notice can be provided through "either direct or inferential allegations respecting all the material elements to sustain a recovery." In re Commonwealth Ins. Secs.,

2

Inc._, 394 F.3d 401, 405-06 (6th Cir. 2005)(quoting Scheid v. Fanny
Farmer Candy Shops, Inc._, 859 F.2d 434, 436 (6th Cir. 1988)).  The
notice pleading requirement "relies on liberal discovery rules and
summary judgment motions to define disputed facts and issues and to
dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S.
506, 512 (2002).   In light of the modern practice of notice
pleading and the availability of pretrial discovery procedures,
Rule 12(e) motions are not favored by courts. See, e.g., Innovative
Digital Equipment, Inc. v. Quantum Tech., Inc., 597 F.Supp. 983,
989 (N.D.Ohio 1984)("Rule 12(e) motions for more definite statement
are not to be used as a substitute for discovery"); see also Usery
v. International Brotherhood of Teamsters, 72 F.R.D. 581 (W.D.Okla.
1976).

                                   A.

     New  Bakery  argues  that  the  Complaint  is  too  vague  and
ambiguous to frame a responsive pleading because it is unable to
ascertain which of its actions are being challenged.  This Court,
however, concludes that the Complaint provides New Bakery with
sufficient notice of the claims to allow New Bakery to frame a
responsive pleading.

     The complaint contains the requisite degree of information and
specificity required.   Although New Bakery is correct that the
complaint does not specifically detail the length of the delay or
specify exactly how it has allegedly been uncooperative, there is
no requirement that such an exacting level of detail be given in a
complaint.   Rather, Rule 8(a)(2) requires only "a short and plain
statement of the claim showing that the pleader is entitled to
relief."  Here, the complaint identifies  which arbitration cases
The Union believes are being mishandled and states generally for
why it believes that to be the case, i.e., that New Bakery has been
uncooperative  in  the  selection  of  the  arbitrator  or  in  the
establishment of a hearing date.   This statement provides enough

                                   3

factual background to put New Bakery on notice of the nature of the claims.  Any factual details that are lacking in the complaint may be revealed through the discovery process.  Therefore, the Court concludes that the complaint does not reach the level of unintelligibility required for the Court to grant a motion for a more definite statement.

B.

New Bakery also argues that it is unable to frame a responsive pleading because the complaint fails specifically to identify the portion of the collective bargaining agreement that is alleged to have been violated.  The Complaint itself, however, states that "Defendant has...breached and violated the collective bargaining agreement, in particular, Article 15..."  The Court therefore concludes that the complaint provides New Bakery with sufficient notice of the grounds upon which The Union's claims rest to allow a responsive pleading to be framed.

A "Rule 12(e) motion should not be used simply to ascertain plaintiff's legal theories." Schwable v. Coates, No. 3:05 CV 7210, 2005 WL 2002360, *1 (N.D.Ohio Aug. 18, 2005)(quoting Bryson v. Bank of N.Y., 584 F.Supp. 1306, 1319 (S.D.N.Y. 1984)).  "[A]ny attempt to use a motion for a more definite statement to tie the pleader down to a particular legal theory of his case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." 5A Wright & Miller, Federal Practice and Procedure § 1377.  For example, in Bryson, the plaintiffs claimed that the defendants had violated the Equal Credit Opportunity Act, Regulation B, and New York state law.  Bryson, 584 F.Supp. at 1308. The court held that the plaintiffs were not required to specify "exactly what sections or subsections" the acts underlying the claims allegedly violated because a Rule 12(e) motion should not be used to ascertain the plaintiffs' legal theories. Id. at 1319.  The

same reasoning applies here.

III.

Based on the foregoing reasons, New Bakery's motion for a more definite statement (#4) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge